IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
Richard Thomas Lutzky and  Barbara Ann Lutzky,      :       CIVIL ACTION
                                                    :
                    Plaintiffs                      :
                                                    :       NO.  09-cv-3886
            v.                                      :
                                                    :
Deutsche Bank National Trust Company, as            :
Trustee For The Holders Of Fremont Home Loan        :
Trust 2002-2, Asset-Backed Certificates, Series 2002-2;  :
FGC Commercial Mortgage Finance,                    :
dba Fremont Mortgage; Fremont Investment & Loan;    :
New Vision Title Agency; Colony Mortgage LLC;       :
Litton Loan Servicing LP; JOHN DOES NOS. 1-12,      :
are fictitious parties whose identifies are not yet known,  :
and ABC CORPORATIONS NOS. 1-10 are fictitious       :
entities whose true identities are not yet known,   :
                                                    :
                    Defendants                      :
_____

## **ORDER**

AND NOW, this        day of                 , 2009, upon Defendants FGC Commercial
Mortgage Finance dba Fremont Mortgage and Fremont Investment & Loan's Motion to Dismiss
Plaintiffs' Complaint, it is hereby Ordered that the Motion is GRANTED.   Defendants FGC
Commercial Mortgage Finance dba Fremont Mortgage and Fremont Investment & Loan are
dismissed, with prejudice.

BY THE COURT:

_____
                                        J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

Richard Thomas Lutzky and  Barbara Ann Lutzky,      :      CIVIL ACTION
                                                    :
                        Plaintiffs                  :
                                                    :        NO.  09-cv-3886
            v.                                      :
                                                    :
Deutsche Bank National Trust Company, as            :
Trustee For The Holders Of Fremont Home Loan        :
Trust 2002-2, Asset-Backed Certificates, Series 2002-2; :
FGC Commercial Mortgage Finance,                    :
dba Fremont Mortgage; Fremont Investment & Loan;    :
New Vision Title Agency; Colony Mortgage LLC;       :
Litton Loan Servicing LP; JOHN DOES NOS. 1-12,      :
are fictitious parties whose identifies are not yet known, :
and ABC CORPORATIONS NOS. 1-10 are fictitious       :
entities whose true identities are not yet known,   :
                                                    :
                        Defendants                  :
_____

## DEFENDANTS FGC COMMERCIAL MORTGAGE FINANCE DBA FREMONT MORTGAGE AND FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants FGC Commercial Mortgage Finance dba Fremont Mortgage and Fremont Investment & Loan (collectively "Fremont"), by and through their undersigned counsel, hereby moves to dismiss all Counts of Plaintiffs' Complaint.  As detailed in the attached Memorandum of Law, each and every claim asserted by Plaintiffs against Fremont is barred by the applicable statutes of limitation and therefore fails to state a viable cause of action for which relief can be granted against Defendant Fremont.

WHEREFORE, Defendants, FGC Commercial Mortgage Finance dba Fremont Mortgage and Fremont Investment & Loan, respectfully request that this Motion to Dismiss be gratned and that moving defendants be dismissed from this action, with prejudice.

KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/  Sandhya M. Feltes
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendants, FGC Commercial Mortgage Finance dba Fremont Mortgage and Fremont Reorganizing Corporation, fka Fremont Investment & Loan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

Richard Thomas Lutzky and  Barbara Ann Lutzky,     :      CIVIL ACTION
     :
         Plaintiffs      :
     :      NO.  09-cv-3886
         v.      :
     :
Deutsche Bank National Trust Company, as      :
Trustee For The Holders Of Fremont Home Loan      :
Trust 2002-2, Asset-Backed Certificates, Series 2002-2;      :
FGC Commercial Mortgage Finance,      :
dba Fremont Mortgage; Fremont Investment & Loan;      :
New Vision Title Agency; Colony Mortgage LLC;      :
Litton Loan Servicing LP; JOHN DOES NOS. 1-12,      :
are fictitious parties whose identifies are not yet known,      :
and ABC CORPORATIONS NOS. 1-10 are fictitious      :
entities whose true identities are not yet known,      :
     :
         Defendants      :

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FGC COMMERCIAL MORTGAGE FINANCE DBA FREMONT MORTGAGE AND FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

       Defendants FGC Commercial Mortgage Finance dba Fremont Mortgage and Fremont

Investment & Loan (hereinafter "Fremont"), by and through their undersigned counsel, hereby

moves to dismiss all Counts of Plaintiffs' Complaint, inasmuch as the each and every claim

asserted by Plaintiffs against Fremont are barred by the applicable statutes of limitation  and

therefore fail to cognizable cause of action against Fremont.

1

## I.    STATEMENT OF FACTS

On August 21, 2002, Plaintiffs obtained a residential mortgage loan from Defendant Fremont in the amount of $250,000.   (Compl., ¶12)[1].   The loan was secured by property located at 262 Amwell Road, Hillsborough, New Jersey 08844 (hereinafter "mortgaged property").   The loan proceeds were utilized to payoff Plaintiffs' prior mortgage loan and Plaintiffs' other creditors.

Plaintiffs subsequently defaulted on their mortgage loan.   Thereafter, Plaintiffs filed three bankruptcy actions from January, 2004 through January, 2009 in the United States Bankrutpcy Court for the District of New Jersey.[2]   Plaintiffs were represented by attorney Thaddeus R. Maciag in each of their bankrtupcy actions.   *See*, Exh. B.

In at least two of the bankruptcy actions, including the bankrtupcy instituted in January, 2004, Plaintiffs addressed the residential mortgage loan in their schedules, in responses to motions for relief from stay and in stipulations regarding the payment of the mortgage arrears.

On September 18, 2008, mortgaged property was sold at sheriff's sale.   A sheriff's deed transferring ownership of the mortgaged property to Deutsche Bank National Trust Company was recorded on October 3, 2008.

On or about July 21, 2009, more than six years after obtaining the residential mortgage loan, Plaintiffs filed the instant lawsuit against Defendant Fremont and others in the Superior Court of New Jersey, Somerset County.   On August 5, 2009, Defendant Fremont removed the case to the U.S. District Court for the District of New Jersey.

---

[1] Plaintiffs' Complaint is attached hereto and marked as Exhibit "A".
[2] The docket reports for Plaintiffs' bankruptcy actions, Nos. 04-12511, 05-17625 and 08-24728, are attached hereto, incorporated herein and marked as Exhibit "B".

Plaintiffs assert the following claims against Defendant Fremont:

Count I – TILA;
Count II – NJ Consumer Fraud Act;
Count III – NJ RICO (NJSA 2C-41-1);
Count IV – common law fraud;
Count V – Unconscionability; Count VI – Negligence;
Count VII – Unjust Enrichment;
Count VIII – Breach of Contract;
Count IX – RESPA;
Count X – Negligence of settlement agent and respondeat superior;
Count XI – Breach of Fiduciary Duty;
Count XII – Good Faith and Fair Dealing;
Count XIII – Law against Discrimination (NJSA 10:5-1 et seq.);
Count XIV - NJ HOSA;
Count XV - HOEPA

All of the claims asserted in the Complaint are barred by the applicable statutes of limitation. Further, since Plaintiffs have been represented by counsel since January, 2004, the discovery rule is not applicable to toll the statutes of limitation.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a pleading which fails to state a claim upon which relief can be granted. A motion to dismiss under Fed.R.C.P. 12(b)(6) admits the well pleaded allegations in the Complaint, but denies their legal sufficiency. Fed.R.C.P. 12(b)(6) Pagnotti Enterprises, Inc. v. Beltrami, et al, 787 F.Supp. 440, 443 (E.D.Pa.1992).   However, the Court need not assume that the plaintiff can prove facts that were not alleged in the complaint. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir.1998).  Nor should the Court give credit for a complaint's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).

Unsupported conclusions without a factual basis and sweeping conclusions of law cannot be utilized by a plaintiff to defeat a motion to dismiss.  Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991), cert denied, 112 S.Ct. 1475 (1992); Randolph County Federal Savings & Loan

3

Assn v. Sutliffe, 775 F.Supp. 1113, 1115-16 (S.D.Ohio 1991).  In order to avoid dismissal, a plaintiff must plead "enough facts to state a claim for relief that is **plausible on its face**."  Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).    To survive a motion to dismiss, a complaint must contain more than "labels and conclusions;" rather the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985); In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), *cert. dismissed*, 462 U.S. 1125 (1983).

## III.    PLAINTIFFS' CLAIMS ARE TIME BARRED

Statutes of limitations serve at least three important policy interests. The first is to instill in society a " 'measure of repose.' " Caravaggio v. D'Agostini, 166 N.J. 237, 245 (2001) (quoting Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115 (1973)). The New Jersey Supreme Court has recognized this as the primary benefit of statutes of limitations, finding that "eventual repose creates desirable security and stability in human affairs." Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 191-92 (1980). Second, the statutes encourage the prompt settlement of disputes, so that potential litigants do not sit on their rights. "By penalizing unreasonable delay, such statutes induce litigants to pursue their claims diligently so that answering parties will have a fair opportunity to defend."  *Id.* at 192; *see also* Troum v. Newark Beth Israel Med. Ctr., 338 N.J.Super. 1, 22 (App.Div.), *certif. denied*, 168 *N.J.* 295 (2001).

Third, statutes of limitations help assure that judges and juries do not have to adjudicate "stale claims." Mitzner v. W. Ridgelawn Cemetery, Inc., 311 N.J.Super. 233, 236 (App.Div.1998).

The statute of limitations begins to run when 'the right to institute and maintain a suit first arose,' or more specifically, when the act or injury occurs." White v. Mattera, 175 N.J. 158, 164, 814 A.2d 627 (2003).

Here, no matter how generously or indulgently Plaintiffs' is scrutinized the conclusion is inescapable that the allegations do not, and cannot, state timely claims against Fremont for which relief can be granted.  The Motion to Dismiss should therefore be granted.

A.   **Plaintiffs' Right To Rescind The Mortgage Loan Under TILA/HOEPA Expired.**

Plaintiffs' TILA and HOEPA claims, contained in Counts I and XV of the Complaint, are barred as a matter of law because Plaintiffs' right to bring the claims has expired.

Section 1635(f) of TILA provides a time limit for a borrowers' right to rescind:

> **An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, which occurs first,** notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor….

15 U.S.C. § 1635(f)(emphasis added);  Regulation Z § 226.23(a)(3).

Section 1635(f) is a statute of repose and not a statute of limitation.  As such, Section 1635(f) creates, "an absolute time limit beyond which liability no longer exists and is not tolled for any reason."   Jones v. Saxon Mort., Inc., 1998 WL 614150, *6 (C.A.4 (Va.)). *See also*, Beach v. Ocwen Federal Bank, 523 U.S. 410, 118 S.Ct. 1408, 1411-12, 140 L.Ed.2d 566 (1998).

Pursuant to Section 1635, Plaintiffs' right to demand rescission of the mortgage loan under TILA and HOEPA -- and the concurrent right to seek damages for the failure to rescind -- expired three years after the loan closing.  Plaintiffs instituted this action seeking TILA

5

rescission and HOEPA damages on July 21, 2009, more than six years after the loan closing.  By the time this lawsuit was filed, Plaintiffs' right to rescind the mortgage loan and right to damages under TILA and HOEPA had expired.[3]

Therefore, Counts I and XV of Plaintiffs' Complaint, and all claims asserting violations of TILA and HOEPA must be dismissed.

**B.    Plaintiff's Negligence Claims Are Barred By A Two Year Statute Of Limitations.**

Plaintiffs' negligence claims, which are contained in Counts VI and X of the Complaint are barred by a two year statute of limitations.

*N.J.S.A.* 2A:14-2(a) provides, in pertinent part, that:

> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within **two years** next after the cause of any such action shall have accrued.

(emphasis added). *See also,* Rudderow v. Sullivan, 2008 WL 2340218, *2  (N.J.Super.A.D. June 10, 2008) (affirming two year statute of limitations for negligence claim). The two-year deadline under *N.J.S.A.* 2A:14-2(a) has even been enforced in a situation where the plaintiff filed suit only one day late. *See* Leake v. Bullock, 104 N.J.Super. 309, 311-12 (App.Div.1969).

Plaintiffs' claims that Fremont is negligent in   hiring/retaining/supervising of their employees and supervisors who reviewed the loan documents and conducted the February 9, 2007 loan closing   (Compl., Counts VI and X).  Similar to the bulk of Plaintiffs' other claims, the negligence claims are directed to the events leading up to the consummation of the mortgage loans, which occurred, at the latest, on August 21, 2002.  Plaintiffs' failure to assert a negligence

---

[3] Notably, Plaintiffs' rescission claim also expired at the sale of the property in October, 2008.

claim against Fremont within two years of the aforesaid loan closing date bars Plaintiffs' negligence claims.

### C. Plaintiff's RESPA Claim Fails To State A Cause Of Action And Is Barred By A One Year Statute Of Limitations.

Plaintiffs' RESPA claim fails to state a viable cause of action, inasmuch as Sections 2601 and 2607 do not create a private claim or cause of action. Plaintiffs' RESPA claim based upon Section 2607 of the Act is barred by a one-year statute of limitations.

In Count IX of the Complaint, Plaintiffs claim that Defendants violated Sections 2601, 2607 and 2617 of RESPA. (Compl., ¶108). It is clear based upon a cursory reading of RESPA that Sections 2601 and 2617 do not create a private claim or cause of action upon which a borrower can sue. 12 U.S.C. § 2601 is a rendition of the Congressional purpose of the Act:

> **§ 2601. Congressional findings and purpose**
>
> (a) The Congress finds that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country. The Congress also finds that it has been over two years since the Secretary of Housing and Urban Development and the Administrator of Veterans' Affairs submitted their joint report to the Congress on "Mortgage Settlement Costs" and that the time has come for the recommendations for Federal legislative action made in that report to be implemented.
>
> (b) It is the purpose of this chapter to effect certain changes in the settlement process for residential real estate that will result--
>
> (1) in more effective advance disclosure to home buyers and sellers of settlement costs;
>
> (2) in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services;

(3) in a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and

(4) in significant reform and modernization of local recordkeeping of land title information.

12 U.S.C. § 2601.

12 U.S.C. § 2617 addresses the authority that the Secretary of the Department of Housing and Urban Development:

**2617. Authority of Secretary**

(a) Issuance of regulations; exemptions

The Secretary is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter.

(b) Liability for acts done in good faith in conformity with rule, regulation, or interpretation

No provision of this chapter or the laws of any State imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Secretary or the Attorney General, notwithstanding that after such act or omission has occurred, such rule, regulation, or interpretation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(c) Investigations; hearings; failure to obey order; contempt

(1) The Secretary may investigate any facts, conditions, practices, or matters that may be deemed necessary or proper to aid in the enforcement of the provisions of this chapter, in prescribing of rules and regulations thereunder, or in securing information to serve as a basis for recommending further legislation concerning real estate settlement practices. To aid in the investigations, the Secretary is authorized to hold such hearings, administer such oaths, and require by subpoena the attendance and testimony of such witnesses and production of such documents as the Secretary deems advisable.

(2) Any district court of the United States within the jurisdiction of which an inquiry is carried on may, in the case of contumacy or refusal to obey a subpoena of the Secretary issued under this section, issue an order requiring compliance therewith; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

(d) Delay of effectiveness of recent final regulation relating to payments to employees

(1) In general

The amendment to part 3500 of title 24 of the Code of Federal Regulations contained in the final regulation prescribed by the Secretary and published in the Federal Register on June 7, 1996, which will, as of the effective date of such amendment--

(A) eliminate the exemption for payments by an employer to employees of such employer for referral activities which is currently codified as section 3500.14(g)(1)(vii) of such title 24; and

(B) replace such exemption with a more limited exemption in new clauses (vii), (viii), and (ix) of section 3500.14 of such title 24, shall not take effect before July 31, 1997.

(2) Continuation of prior rule

The regulation codified as section 3500.14(g)(1)(vii) of title 24 of the Code of Federal Regulations, relating to employer-employee payments, as in effect on May 1, 1996, shall remain in effect until the date the amendment referred to in paragraph (1) takes effect in accordance with such paragraph.

(3) Public notice of effective date

The Secretary shall provide public notice of the date on which the amendment referred to in paragraph (1) will take effect in accordance with such paragraph not less than 90 days and not more than 180 days before such effective date.

12 U.S.C. § 2617.

The only RESPA Section which Plaintiffs cite which creates a private cause of action is

12 U.S.C. § 2607, relating to the prohibition of kickbacks and unearned fees. However,

9

Plaintiffs' § 2607 is barred by a one year statute of limitations.  Section 2614 of the RESPA provides:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and **1 year in the case of a violation of section 2607 or 2608** of this title from the date of the occurrence of the violation ….

12 U.S.C. 2614 (emphasis added).

Plaintiffs' claims that Fremont violated RESPA by imposing costs and fees at the closing which exceeded those listed on the good faith estimates and that the "RESPA statement" provided to Plaintiffs was inaccurate. (Compl., ¶111).  Plaintiffs' RESPA claims arise out of disclosures provided before or at the August 21, 2002 loan closing and the fees charged to Plaintiffs at the loan closing.   As it has now been more than six years since the events which underlie Plaintiffs' RESPA claims, Plaintiffs cannot, as a matter of law, assert a RESPA claim against Fremont.   Count IX of the Complaint must therefore be dismissed.

**D.      Plaintiffs' Breach of Fiduciary Duty Claim Is Barred By A Six Year Statute Of Limiations And There Is No Fiduciary Relationship Between Third Party Plaintiff and Fremont.**

As a matter of law, there is no fiduciary relationship between Plaintiffs and Fremont and therefore Count XI of the Complaint must be dismissed.

New Jersey Courts have unanimously held that there is no presumed fiduciary relationship between a bank and its customer.  Globe Motor Car Co. v. First Fidelity Bank, N.A., 273 N.J.Super. 388, 393, 641 A.2d 1136 (Law Div.1993), aff'd, 291 N.J.Super. 428, 677 A.2d 794 (App.Div.), certif. denied, 147 N.J. 263, 686 A.2d 764 (1996). *See also* Klemm v. Labor Co-op. Nat. Bank of Paterson, 117 N.J.L. 284, 287, 187 A. 640 (E. & A.1936). Further, the virtually

10

unanimous rule in this jurisdiction and others is that creditor-debtor relationships rarely give rise to a fiduciary duty. *See* Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir.1988); Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank, N.A., 731 F.2d 112, 122 (2d Cir.1984); Weinberger v. Kendrick, 698 F.2d 61, 78-79 (2d Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); Barnett Bank of West Florida v. Hooper, 498 So.2d 923, 925 (Fla.1986); see also Peterson v. Idaho First Nat'l Bank, 83 Idaho 578, 367 P.2d 284 (1961); Richfield Bank & Trust Co. v. Sjogren, 309 Minn. 362, 244 N.W.2d 648 (1976); Klein v. First Edina Nat'l Bank, 293 Minn. 418, 196 N.W.2d 619 (1972); Frame v. Boatmen's Bank of Concord Village, 824 S.W.2d 491 (Mo.Ct.App.1992); National Westminster Bank of N.J. v. Lomker, 277 N.J.Super. 491, 495-96, 649 A.2d 1328 (App.Div.1994), certif. denied, 142 N.J. 454, 663 A.2d 1361 (1995); Roth v. First Nat'l State Bank of N.J., 169 N.J.Super. 280, 284-85, 404 A.2d 1182 (App.Div.), certif. denied, 81 N.J. 338, 407 A.2d 1212 (1979).

As noted by the Court of Appeals for the Third Circuit, it " 'would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table,' " because their respective positions are essentially adversarial. Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d at 53 (quoting Weinberger v. Kendrick, 698 F.2d at 79). ,Gross v. Grimaldi, 64 N.J.Super. 457, 462, 166 A.2d 592 (App.Div.1960), *certif. denied,* 34 *N.J.* 469, 169 *A*.2d 744 (1961). There is, therefore, a general presumption that the "relationship between lenders and borrowers is conducted at arms-length, and the parties are each acting in their own interest." Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 318 (E.D.Pa.) (citing Frowen v. Blank, 493 Pa. 137, 143-45, 425 A.2d 412, 416 (1981)), *aff'd,* 981 *F*.2d 1248 (3d Cir.1992). *See also,* Margulies v. Chase Manhattan Mortgage Corp., 2005 WL 2923580, *3 (N.J.Super.A.D) (

11

"a garden variety financing of a residence, whether it be an initial financing or a refinancing" does not give rise to a fiduciary relationship between a bank and its customer).

The Complaint is devoid of any facts which would cause the Court to depart from these fundamental principles. Plaintiffs not allege a special relationship between themselves and Fremont which would cause the residential mortgage loan transaction to be elevated to a fiduciary relationship between the parties. In fact, Plaintiffs do not provide any basis, other than conclusory allegations, that a special relationship existed between themselves and Fremont.

Therefore, as a matter of law, Plaintiffs' breach of fiduciary duty claim against Fremont fails.

> **E.** **Third Party Plaintiffs' Law Against Discrimination Claim Fails To State A Cognizable Claim And Is Barred By A Two Year Statute Of Limitations.**

Consistent with the remainder of the Complaint, Count XIII attempts to assert a vague, conclusory claim under the New Jersey Law Against Discrimination well beyond the limitations period.

The New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, *et seq.*, (hereinafter "LAD"), provides, inter alia, that a person, bank, mortgage company, lender or other financial institution shall not discriminate against an individual based upon a number of factors, including gender. N.J.S.A. 10:5-12. The Complaint is devoid of any fact, allegation or contention specific to Fremont which would fall within the ambit of the LAD.

The Complaint does not specify any acts or omissions of Fremont which Plaintiffs contend were discriminatory. The Complaint also does not specify any acts or omissions of Fremont which Plaintiffs contend aided or abetted the discriminatory conduct of others. Rather, the Complaint lumps together all Defendants and simply alleges that, "the actions of the lender,

12

broker, servicer, subject mortgage owner, Title Company, appraisal service and/or investment trustee violate the mandates of the LAD".  (Compl., ¶ 129).

Other than the aforesaid broad brushed claim, nothing in Count XIII or in the Complaint as a whole identifies what discriminatory action Fremont is alleged to have taken.  Without this most basic of information, which is a primary element of a discrimination claim, Plaintiffs' LAD claim fails.

Further, Plaintiffs' LAD claim is barred as a matter of law by a two year statute of limitations.  The New Jersey Supreme Court has made it clear that all claims under the LAD are subject to a two-year statute of limitations similar to that for personal injury claims.  Montells v. Haynes, 697 A.2d 654 (2000).  The two year statute of limitations set in Montells has been followed by New Jersey Courts, which have universally dismissed discrimination claims filed after the limitations period.  *See e.g.*  Henry v. New Jersey Department of Human Services, 2009 WL 2149880 (N.J.Super 2009); Senatore v. Borough of Westville, 2009 WL 1211802 (N.J.Super 2009).

The cause of action for an LAD claim accrues on the day a discrete discriminatory act occurs.  Henry, 2009 WL 2149880, p. 4; Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 21 (2002).

Here, due to the vagaries of the Complaint, it is not completely clear what alleged discriminatory act Plaintiffs attribute to Fremont.  Based upon paragraph 128 of the Complaint, it appears that the claim against Fremont is one for "disparate lending based on one's gender".  It is clear that Fremont provided a loan to Plaintiffs in August, 2002 .  Therefore, whatever "disparate lending" Plaintiffs contend occurred, happened on or before the August 21, 2002 loan closing –

13

more than **six years** before the LAD claim was asserted against Fremont in the Complaint.  The

LAD claim, as it pertains to Fremont is therefore barred by the two year statute of limitations.

F. **Plaintiffs' Remainig Claims Are Barred By A Six Year Statute Of Limitations**

Plaintiffs' attempts to assert claims under the New Jersey Consumer Fraud Act (Count

II), common law fraud (Count IV), Unconscionability (Count V), Breach of Contract (Count

VIII) and Breach of Good Faith and Fair Dealing  (Count XII) are all barred by a six year statute

of limitation.

New Jersey Rule 2A:14-1 provides:

> Every action at law for trespass to real property, for any tortious injury to real or personal property,  for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, **shall be commenced within 6 years next after the cause of any such action shall have accrued**.

N.J.S.A. 2A:14-1 (emphasis added).  The six year statute of limitations applies to claims under

the New Jersey Consumer Fraud Act, common law fraud claims  and for claims arising out of or

related to a written contract.  Lunn v. Prudential Ins. Co. of America, 283 Fed.Appx. 940 (3dCir

(N.J.) 2008).

Each and every claim asserted by Plaintiffs against Fremont are barred, if not by any

other limitations period, by the six year statute of limitations set forth in N.J.S.A. 2A:14-1.  All

of the claims against Fremont, the originating lender, arise out of events which occurred before

or at the August 21, 2002 loan closing.  As more than six years has passed since the loan closing,

all of Plaintiffs' claims against Fremont are barred under N.J.S.A. 2A:14-1.

14

## IV.     THE DISCOVERY RULE DOES NOT TOLL THE STATUTES OF LIMITATION

It is likely that Plaintiffs will attempt to avoid the application of the aforesaid statutes of limitation by arguing that the discovery rule tolls some or all of the limitations periods. However, the discovery rule cannot be validly used as a shield to protect the Lutzkys because the Plaintiffs have been represented by counsel since January, 2004 and have, in various ways, addressed the residential mortgage in their various bankruptcy actions.   Therefore, there is no plausible argument that the Plaintiffs did not, or could not through reasonable diligence, have learned about their claims until now.   Plaintiffs are not entitled to the extraordinary relief requested.

The discovery rule in New Jersey postpones the accrual of a cause of action "in an appropriate case…until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." Henry v. New Jersey Department of Human Services, 2009 WL 2149880 (N.J.Super.2009) *quoting* Szczuvelek v. Harborside Healthcare Woods Edge, 182 N.J. 275, 281 (2005).

Only the fact of the injury and the identity of the party causing the injury must be known to commence running of the statute of limitations.   Evesham Tp. Bd. of Educ. v. Vitetta Group, 2008 WL 4735883, *15 (N.J.Super.A.D.,2008).   "[T]he discovery rule centers upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of another person." Lynch v. Rubacky, 85 N.J. 65, 70, 424 A.2d 1169 (1981).   It is not necessary that the injured party's knowledge be impeccable or that the exact cause of the injury be known to trigger the statute of limitations under the discovery rule.  Evesham Tp. Bd. of Educ., at *15.

A plaintiff need only have knowledge of "the existence of that state of facts which may equate in law with a cause of action." Burd v. New Jersey Tel. Co., 76 N.J. 284, 291, 386 A.2d

1310 (1978). Our courts have consistently interpreted that to mean "a" cause of action or "an" actionable claim and have not required a plaintiff to have knowledge about "the specific cause." Torcon, Inc. Alexian Bros. Hosp., 205 N.J.Super. 428, 501, 501 A.2d 182 (Ch. Div.l985), *aff'd* 209 N.J.Super. 239, 507 A.2d 289 (App.Div.), *certif. denied*, 104 N.J. 440, 517 A.2d 431 (1986).

The discovery rule does not toll any of the statutes of limitation in this case.  Plaintiffs claims against Moving Defendants are based upon the terms of the loan that Plaintiffs' received on August 21, 2002.  Particularly, Plaintiffs claim, *inter alia*, that Fremont:

- Provided an incorrect interest rate on the Truth in Lending Disclosure Statement (Compl. ¶16)

- Misstated the amount financed on the loan disclosures  (Compl. ¶16);

- Provided a loan which had different final terms than contained in the preliminary disclosures provided to Plaintiffs.  (Compl. ¶33).

Plaintiffs admit that even a cursory review of the loan documents would have revealed the alleged predatory lending:  "A cursory review of the loan documents would reveal the predatory lending scheme, and the defendant cannot reaonsably contend that it was unaware of these sharp tactics." (Compl. ¶15).  Similarly, by Plaintiffs' own admission, Plaintiffs could have as easily performed a cursory review of their loan documents to discover their claims against Fremont.

Furthermore, Plaintiffs have been represented by attorney Thaddeus Maciag in their three separate bankruptcy actions since January, 2004.   Within these bankrtupcy actions, Plaintiffs – through counsel -- acknowledged the mortgage debt and filed stipulations regarding the payment of mortgage arrears.  See, Exh. B.   It is without question, then, that Plaintiffs cannot argue that

1638304v.1

they and their bankruptcy counsel could not have learned of their alleged claims and alleged injuries for over six years.

Plaintiffs' claims against Fremont arise wholly out of the terms of the mortgage loan provided to Plaintiffs on August 21, 2002. Based upon the plain language of the Complaint, there is no question, factual or otherwise, that Plaintiffs knew or should have known what there loan terms were at the time of the loan closing when they signed the loan documents. Plaintiffs cannot explain why a reasonable inquiry – or simply reading the loan documents – could not have provided Plaintiffs with information regarding their loan terms and the identity of the parties to the loan transaction. Particulary, where Plaintiffs have been represented by counsel for the last five years.

For these reasons, the discovery rule does not toll any of the statutes of limitation applicable to Plaintiffs' claims. Plaintiffs' Complaint should therefore be dismissed in its entirety.

## V.  CONCLUSION

Plaintiffs' claims against Fremont are barred by the applicable statutes of limitations and fail to state cognizable claims against Fremont. The discovery rule cannot save Plaintiffs as a reasonable inquiry by Plaintiffs or their counsel at any time during the last six years could have provided Plaintiffs with the information necessary to bring this lawsuit. Accordingly, Plaintiffs' Complaint must be dismissed in its entirety.

Respectfully,


KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/  Sandhya M. Feltes
_____
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 (fax)
Attorney for Defendants, FGC Commercial Mortgage Finance dba
Fremont Mortgage and Fremont Investment & Loan

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2009, a true and correct copy of Defendants FGC Commercial Mortgage Finance dba Fremont Mortgage and Fremont Investment & Loan's Motion to Dismiss Plaintiffs' Complaint was caused to be served upon the following via ECF Electronic Notification upon the following:


David H. Kaplan
Tobias & Kaplan
1107 Convery Boulevard, Route 35 South
Perth Amboy, New Jersey 08861

Richard P. Haber
McElroy Deutsch, Mulvaney & Carptenter LLP
1300 Mount Kemble Avenue
PO Box 2075
Morristown, New Jersey 07962



KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/  Sandhya M. Feltes
_____
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 (fax)
Attorney for Defendants, FGC Commercial Mortgage Finance dba Fremont Mortgage and Fremont Investment & Loan

1638304v.1