# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| RICHARD THOMAS LUTZKY and BARBARA ANN LUTZKY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 09-03886 (JAP) |
| v. | : | |
| | : | **OPINION** |
| DEUTSCHE BANK NATIONAL TRUST | : | |
| COMPANY, AS TRUSTEE FOR THE HOLDERS | : | |
| OF FREMONT HOME LOAN TRUST 2002-2, | : | |
| ASSET-BACKED CERTIFICATES SERIES | : | |
| 2002-02; FGC COMMERCIAL MORTGAGE | : | |
| FINANCE, dba FREMONT MORTGAGE; | : | |
| FREMONT INVESTMENT & LOAN; NEW | : | |
| VISION TITLE AGENCY; COLONY | : | |
| MORTGAGE LLC; LITTON LOAN SERVICING | : | |
| LP; JOHN DOES NOS. 1-12, are fictitious parties | : | |
| whose identities are not yet known, and ABC | : | |
| CORPORATIONS NOS. 1-10 are fictitious entities | : | |
| whose true identities are not yet known, | : | |
| | : | |
| Defendants. | : | |

_____:

PISANO, District Judge.

Plaintiffs Richard and Barbara Lutzky have brought this action against Deutsche Bank National Trust Company, Fremont Mortgage, Fremont Investment & Loan, New Vision Title Agency and Litton Loan Servicing ("Defendants") alleging improper conduct relating to the mortgage on their home including receiving higher interest rates than promised, the use of predatory lending tactics by Defendants, being charged closing fees and costs for services never received, Defendants' failure to provide timely disclosure about the loans, and receiving documents with false and misleading terms. Plaintiffs base their claims on violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Home Ownership and Equity Protection Act ("HOEPA"), New Jersey Home Ownership Security Act

("HOSA"), New Jersey Consumer Fraud Act ("NJCFA"), New Jersey Racketeer Influenced and

Corrupt Organizations Act ("RICO"), New Jersey Law Against Discrimination ("LAD"),

common law fraud, breach of contract, unconscionability, negligence, unjust enrichment, breach

of fiduciary duty, and good faith and fair dealing.  This Court has original jurisdiction to hear

this dispute pursuant to 28 U.S.C. § 1331 arising out of Plaintiffs' claims under TILA, RESPA

and HOEPA.

Presently before the Court is Defendants' Motion to Dismiss based on Federal Rule of

Civil Procedure 12(b)(6).  Additionally, before the Court is Plaintiffs' counsel's motion to be

relieved as counsel.  The Court decides the matter without oral argument pursuant to Federal

Rule of Civil Procedure 78.  For the reasons set forth herein, the Court grants Defendants'

motion to dismiss and grants Plaintiffs' counsel's motion to withdraw as Plaintiffs' attorney.

## I.      Background

On August 21, 2002, Plaintiffs executed a refinancing mortgage with Defendants for

$250,000.  Compl. at ¶¶ 12, 13.  The loan was secured by the Lutzky's property located at 262

Amwell Road, Hillsborough N.J.  *Id*. ¶ 1.

Subsequently, Plaintiffs defaulted on their mortgage and a Final Judgment of Foreclosure

was entered against them on September 10, 2003.  Certification of Richard P. Haber, Esq. ("RH

Cert."), Ex. A.  In an effort to save their home, Plaintiffs were forced to file bankruptcy.

Plaintiffs filed three bankruptcy actions from January 2004 until discharge in January 2009.

During these actions, Plaintiffs were represented by attorney Thaddeus R. Maciag.  During the

first two proceedings, the mortgage loan was addressed in regards to motions for relief from the

stay and in stipulations regarding the payment of the mortgage arrears.[1]  Since Plaintiffs' failed

---

[1] Facts are taken from Plaintiff's Letter to the Court dated October 14, 2009 and the docket sheets from Plaintiffs' bankruptcy actions (Nos. 04-12511, 05-17625, and 08-24728).

to cure their mortgage arrears, the property was sold at a sheriff's sale.  RH Cert., Ex. A.  On

April 15, 2008, Deutsche Bank purchased the property and a deed was issued on September 18,

2008.  *Id*.

On July 12, 2009, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law

Division.  Notice of Removal, Ex. A.  Plaintiffs bring a claim against Defendants based on

violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act

("RESPA"), Home Ownership and Equity Protection Act ("HOEPA"), New Jersey Home

Ownership Security Act ("HOSA"), New Jersey Consumer Fraud Act, New Jersey Racketeer

Influenced and Corrupt Organizations Act ("RICO"), New Jersey Law Against Discrimination

("LAD"), common law fraud, breach of contract, unconscionability, negligence, unjust

enrichment, breach of fiduciary duty, and good faith and fair dealing.  On August 5, 2009,

Defendants removed the action to the United States District Court of New Jersey pursuant to 28

U.S.C. § 1441.

## II.     Discussion

### a.   Motion to Dismiss Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if

the complaint fails to state a claim upon which relief can be granted.  Refashioning the

appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also*

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for

motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

      b.   Legal Analysis

     The issue presented is whether Plaintiffs have brought a timely claim in which the Court can grant relief.  Defendants argue that all of Plaintiffs' claims are barred by the statute of limitations.  A statute of limitations sets "maximum time periods during which certain actions can be brought or rights enforced."  Black's Law Dictionary 927 (6th ed. 1990).  The purpose of statutes of limitations is "to encourage rapid resolution of disputes, repose for defendants, and avoidance of litigation involving lost or distorted evidence."  *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 522 (3d Cir. 2007).  Under the statute of limitations, a cause of action accrues or begins to run when the "right to institute and maintain a suit first arose."  *White v. Mattera*, 175 N.J. 158, 164, 814 A.2d 627 (2003).  If the statute of limitations has been triggered and an action is not brought within the stated statutory timeframe, the claim must be dismissed as Plaintiffs are not entitled to relief.  Here, the Court must evaluate all of Plaintiffs' asserted causes of action in order to remove all stale claims.

      1.  *Counts I & XV: TILA & HOEPA*

     Plaintiffs' TILA and HOEPA claims found in Count I and XV of their complaint are governed by the time limit for a borrowers' right to rescind pursuant to 15 U.S.C. § 1635(f) and

the time limitation for seeking damages for civil liability under 15 U.S.C. § 1640(e).  For individuals seeking rescission, TILA mandates that "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property whichever occurs first."  15 U.S.C. § 1635(f).   Hence, section 1635(f) acts as a statute of repose "completely extinguish[ing] the right of rescission at the end of the three-year period."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).  Additionally, as to individuals seeking compensatory and statutory damages, any TILA action must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

Therefore, pursuant to § 1635(f) and § 1640(e), Plaintiffs have failed to bring a timely TILA and HOEPA claim because Plaintiffs did not bring an action within the one- and three-year limitation period for remedies of damages and rescission.  Plaintiffs' TILA and HOEPA claims stem from their mortgage loan finalized on August 21, 2002.  Since Plaintiffs did not bring this action against Defendants until July 21, 2009, the statute of limitations has expired and these claims are barred.

2.   *Counts II, IV, V, VII, VIII, & XII: NJCFA, Fraud, Unconscionability, Breach of Contract, Unjust Enrichment, and Breach of Good Faith and Fair Dealing*

Plaintiffs' claims for violations of the Consumer Fraud Act, common law fraud and breach of contract against Defendants in Counts II, IV, V, VII, VIII, and XII are governed by a six-year statute of limitations.  New Jersey Rule 2A:14-1 encompasses the alleged common law claims such as fraud, breach of contract, unconscionability and breach good faith and fair dealing and provides that

> [e]very action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property . . . , for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this

> Title, or for recovery upon a contractual claim or liability, express or implied . . . shall be commenced within 6 years next after the cause of any such action shall have accrued.

N.J. Stat. Ann. § 2A:14-1.  Additionally, the causes of actions pursuant to N.J.'s CFA are governed by a six-year statute of limitations.  *DiIorio v. Structural Stone & Brick Co., Inc.*, 368 N.J. Super. 134, 142, 845 A.2d 658 (App. Div. 2004).

Here, Plaintiff's allegations for fraud and breach of contract are based on the false promises and misrepresentations made by the Defendant's concerning the material terms of their mortgage contract.  Since the mortgage was executed in August 2002, Plaintiffs were permitted to bring their claims until August 2008.  Because a cause of action was not brought until July 2009, Counts II, IV, V, VII, VIII, and XII of Plaintiffs' complaint must be dismissed as untimely.

3.  *Count III*: *NJ RICO*

Plaintiffs' allegations that Defendants engaged in a pattern of corrupt activity surrounding the collection of an unlawful debt is governed by New Jersey's RICO statute, N.J. Stat. Ann. § 2C:41-1 et seq.  The statute of limitations in New Jersey for civil liability claims under New Jersey's RICO statute is four years after commission of the offense.  *Matter of Integrity Ins. Co.*, 245 N.J. Super. 133, 136-37, 584 A.2d 286 (Law Div. 1990).  *See also Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 510 (3d Cir. 2006) (supporting New Jersey's adoption of a four-year statute of limitation for the New Jersey RICO statute).  "'An offense is committed either when every element occurs' or 'when the course of conduct or defendant's complicity therein is terminated.'"  *State v. Cagno*, 409 N.J. Super. 552, 978 A.2d 921, 940 (App. Div. 2009) (citing N.J.S.A. 2C:1-6(c)).  Plaintiffs allege a violation of N.J. Stat. Ann. § 2C:41-2(a) which makes it "unlawful for any person who has received any income derived, directly or

indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which he has participated as a principal … to use or invest, directly or indirectly, any part of the income, or the proceeds of the income in … the establishment or operation of an enterprise which is engaged in or the activities of which affect trade or commerce."  N.J. Stat. Ann. § 2C:41-2(a).

Plaintiffs' RICO claims are barred by the four-year statute of limitations because the pattern of racketeering activity was completed around the time the mortgage was executed in August of 2002.  In their complaint, Plaintiffs allege that the pattern of activity included "recruiting individuals with good credit ratings to participate in real estate," "submitting false information to lenders regarding income . . . in order to obtain financing," "obtaining . . . fraudulent and inflated real estate appraisals," "accepting commissions on mortgage loans . . . based on fraudulent information and appraisals" and "falsifying closing documents."  Compl. at ¶ 83(a)-(e).  All such activities were engaged in prior to the execution of Plaintiffs' mortgage; Plaintiffs only allege one activity post-mortgage execution: "taking unwarranted proceeds from the mortgage loans on false pretenses."  *Id.* ¶ 83(f).  According to N.J. Stat. Ann. § 2C:41-2(a), the receiving of funds is an element of the crime, however, in this case once income was received from the alleged pattern of racketeering the offense was completed.  While income could have been received through the commissions, at the latest, Defendants received unlawful income on the first mortgage payment in 2002.  Therefore, the statute of limitations was triggered at the completion of the offense on or around August 2002 and Plaintiffs have failed to bring a timely claim within the four-year statute of limitations.

4.   *Counts VI & X: Negligence*

Plaintiffs' claims for negligence against Defendants in Counts VI and X are governed by a two-year statute of limitations pursuant to N.J. Stat. Ann. § 2A:14-2.  N.J. Stat. Ann. § 2A:14-2(a) mandates that "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall be accrued."  All negligence actions fall under the two-year statute of limitations period of N.J. Stat. Ann. § 2A:14-2(a).  *Leake v. Bullock*, 104 N.J. Super. 309, 311-12, 250 A.2d 27 (App. Div. 1969).

Pursuant to N.J. Stat. Ann. § 2A:14-2(a), Plaintiffs have failed to bring timely negligence claims because Plaintiffs did not bring an action within the two-year statute of limitation period. In Count VI, Plaintiffs allege Defendants were negligent in hiring, retaining, supervising and overseeing their employees and supervisors.  In Count X, Plaintiffs allege that the acts and omissions of the agents and employees of the Defendants constituted negligence.  Both of these allegations for negligence stem from the events leading up to the execution of the mortgage which occurred on August 21, 2002.  Taking this date as the latest point in time where negligence could have occurred, Plaintiffs have failed to bring a cause of action within the mandated two-year limitations period and therefore their claims for negligence in Count VI and Count X must be dismissed.

5.   *Count IX: RESPA*

Plaintiffs' claim for violations of RESPA are governed by a one-year statute of limitations pursuant to 12 U.S.C. § 2614.  RESPA requires that any action be brought "within one year in the case of violations of section 2607 or 2608 from the date of the occurrence of the violation."  12 U.S.C. § 2614.  Hence, in order to have a valid RESPA claim, a plaintiff must

bring a cause of action within one year of the alleged improper fee or kickback.  *See* 12 U.S.C. § 2607.

Here, Plaintiffs in Count IX are alleging a cause of action under § 2607 for improper fees and costs at the closing of their mortgage loan.  Since the closing on the mortgage loan occurred on August 21, 2002, Plaintiffs were required to bring a cause of action within one year of the date of the incident.  Because Plaintiffs did not file their claim until 2009, their RESPA cause of action must be dismissed as untimely.

### 6.  *Count XI: Breach of Fiduciary Duty*

Plaintiffs' claim for breach of the Defendants' fiduciary duty is governed by a six-year statute of limitations pursuant to N.J. Stat. Ann. § 2A:14-1.  "Every action at law . . . for tortious injury to the right of another not stated in sections 2A:14-2 and 2A:14-3 . . . or for recovery upon a contractual claim or liability, express or implied . . . shall be commenced within 6 years next after the cause of any such action shall have accrued."  N.J. Stat. Ann. § 2A:14-1.

Assuming that Plaintiffs' could make an argument that a fiduciary duty exists between a creditor and debtor, Plaintiffs' breach of fiduciary duty claim must be dismissed as untimely. Plaintiffs allege in Count XI that the improper acts during the execution of their mortgage in August 21, 2002 constituted a breach of a fiduciary duty by the Defendants.  Plaintiffs however have failed to bring this cause of action within the permitted six-year statute of limitation and thus Count XI must be dismissed.

### 7.  *Count XIII: Law Against Discrimination*

Plaintiffs allege in Count XIII that Defendants violated N.J.'s Law Against Discrimination in that Plaintiff is a member of a protected class and Defendants violated the mandates of LAD.  LAD provides that it is unlawful discrimination for "any person, bank,

banking organization, mortgage company, insurance company or other financial institution . . . to discriminate against any person or group of persons because of race, creed, color, national origin . . . marital status [or] sex." N.J. Stat. Ann. § 10:5-12(i). The statute of limitations for claims under LAD is two years. *Montells v. Haynes*, 133 N.J. 282, 294-95, 627 A.2d 654 (1993). A LAD cause of action accrues on the day the discriminatory act occurs. *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 21, 803 A.2d 611 (2002).

Plaintiffs failed to allege in their complaint which class of protected individuals under LAD they are members of and what discriminatory act has occurred. Regardless of the inadequacies of their pleading, Plaintiffs' LAD claim is barred due to the two-year statute of limitations. The LAD claim stems from alleged discriminatory lending practices in regards to Plaintiffs mortgage loan on August 21, 2002. Because seven years has lapsed since the alleged discriminatory act, Count XIII must be dismissed.

8.   *Count XIV: NJ HOSA*

Plaintiffs allege a violation of New Jersey's HOSA for abusive mortgage lending practices in Count XIV. *See* N.J. Stat. Ann. § 46:10B-23 et seq. HOSA permits a borrower to bring a cause of action against a creditor either within "six years of the closing of a high-cost home loan" or "at any time during the term of a high-cost home loan after an action to collect on the home loan or foreclose on the collateral securing the home loan has been initiated or the debt arising from the home loan has been accelerated or the home loan has become 60 days in default." N.J. Stat. Ann. § 46:10B-27(c).

Here, Plaintiffs did not bring their cause of action six years after the closing of their mortgage in August 2002. Additionally, Plaintiffs failed to bring their claim any time during the term of the loan since the loan was terminated with the foreclosure judgment in 2003 and the

foreclosure sale in September 2008 and this action was no filed until July 2009.  Hence, Plaintiffs' HOSA claim is dismissed as untimely.

### 9.   *Discovery Rule*

Ordinarily, the statute of limitations for a cause of action is triggered from the moment of the wrong; however, New Jersey's discovery rule delays the accrual of a cause of action "until the plaintiff learns, or reasonably should learn the existence of a state of facts which may equate in law with the cause of action."  *Fishbein Family P'ship v. PPG Indus.*, 307 Fed. Appx. 624, 626-27 (3d Cir. 2009) (quoting *Lopez v. Swyer*, 62 N.J. 267, 300 A.2d 563, 566 (1973)).  In the applicable cases, the discovery rule provides that a "cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim."  *Lopez,* 300 A.2d at 565.  The purpose of this rule is not to permit every belated discovery to overcome the statute of limitations, but to limit its application to parties who could not have reasonably discovered they had a basis for an actionable claim.  *Burd v. New Jersey Tel. Co.*, 76 N.J. 284, 291, 386 A.2d 1310 (1978).

Plaintiffs argue that the discovery rule should be applicable where appropriate and the statute of limitations should be tolled to allow their claims.  Prior to the deadline for opposition papers in response to the motion to dismiss, Plaintiffs' counsel, David H. Kaplan, filed a motion to be relieved as counsel for the Plaintiff.  The Court at this time grants this motion and takes Plaintiff Barbara Lutzky's letter from October 14, 2009 as a pro se opposition to Defendants' motion to dismiss.  Construing the pro se brief liberally, Plaintiffs argue that the Defendants lending practices did not come to light until 2007 when the FDIC issued a cease and desist order against them.  Additionally, Plaintiffs contend that their cause of action was not discoverable

until early in 2008 when the Massachusetts Attorney General issued an injunction against Defendants for unsound lending practices.  Unfortunately, Plaintiffs misconstrue the discovery rule standard—the rule tolls the statute of limitations until the time when a party reasonably could have discovered the basis for their claim, not necessarily the exact time when the claim was actually discovered.   In this case, all Plaintiffs' claims stem from the terms and execution of their mortgage loan.  As such, Plaintiffs could have easily discovered the improper conduct at the time of the execution of the mortgage simply by reviewing the documents relating to the mortgage if they had exercised "reasonable diligence and intelligence."  In their complaint, Plaintiffs in fact admit that "a cursory review of their loan documents would reveal the predatory lending scheme."  Furthermore, Plaintiffs acknowledge in their pro se opposition that from 2004 until 2008 they were represented by counsel in bankruptcy proceedings to "save their home." Presumably, Plaintiffs with assistance of counsel could have discovered the alleged improper actions of the Defendants when reviewing the mortgage documents during these proceedings.

While Plaintiffs did not actually discover their claims until 2007 or 2008 when there was public awareness of the Defendants' conduct, Plaintiffs could have discovered there was an actual claim through reasonable efforts during and around the time of the execution of the mortgage in August 2002.   Therefore, because the discovery rule is inapplicable, Plaintiffs' claims are dismissed as untimely according to their appropriate statutes of limitations.

10. *Claim and Issue Preclusion*

In addition to raising the affirmative defense of statute of limitations, Defendants argue that Plaintiffs' claims are barred by res judicata and collateral estoppel in light of the prior foreclosure on their mortgage.  Res judicata or claim preclusion is applicable when (1) the judgment in the prior action is valid, final and on the merits, (2) the parties in the later action are

identical or in privity with those in the prior action, and (3) the claim in the later action stemmed from the same transaction or occurrence as the claim in the earlier action.  *McNeil v. Legislative Apportionment Comm'n*, 177 N.J. 364, 395, 828 A.2d 840 (2003).  In order for collateral estoppel or issue preclusion to apply, the moving party must show that "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment and (5) the party against whom the doctrine is asserted was a party to or in privity with the earlier proceedings." *Sacharow v. Sacharow*, 177 N.J. 62, 76, 826 A.2d 710 (2003).

Even if Plaintiffs' claims were not barred by the statute of limitations, Plaintiffs claims are barred by the principles of res judicata and collateral estoppel in light of the judgment from their prior mortgage foreclosure.  On September 10, 2003, a final judgment was entered by the Superior Court of New Jersey as to the termination of the mortgage in question and in April 2008 the property was sold in a foreclosure sale.  At this time, the validity of the mortgage, the amounts due on the mortgage and right of the lender to resort to the collateral were conclusively established.  Therefore, Plaintiffs are barred from now bringing additional claims relating to the mortgage not raised in the foreclosure proceedings because the previous judgment was final and on the merits, the parties in both proceedings are identical, and Plaintiffs claim stem from the same transaction as the prior proceeding—the execution and validity of the mortgage.  Since res judicata and collateral estoppel apply, Plaintiffs' claims are dismissed.

**III.     Conclusion**

For the reasons set forth above, the Defendants' motion to dismiss is granted.  Plaintiffs'

counsel's motion to withdraw as attorney is granted.   An appropriate Order accompanies this

Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: October 27, 2009